CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 27 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DARLENE NESTER, ) | |
| ) | Civil Action No. 7:13CV00295 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | By: Hon. Glen E. Conrad |
| ) | Chief United States District Judge |
| Defendant. ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" as to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Darlene Nester, was born on January 6, 1969. Mrs. Nester has earned a GED. Plaintiff has been employed as powder plant operator, fireworks assembler, motor assembler, gutter assembler, and fast food worker. She last worked on a regular and sustained basis in 2002. On February 25, 2009, plaintiff protectively filed applications for disability insurance benefits and supplemental security income benefits. Earlier applications for such benefits had proven unsuccessful. In filing her more recent claims, Mrs. Nester alleged that she became disabled for all forms of substantial gainful employment on February 1, 2002 due to depression/anxiety, Stevens-Johnson Syndrome, fibromyalgia, and foot problems. At the time of the administrative hearing,

plaintiff amended her applications so as to reflect an alleged disability onset date of March 29, 2007, the day following the final decision of the Commissioner denying her earlier claims for benefits. (TR 35). Mrs. Nester now maintains that she has remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that plaintiff met the insured status requirements of the Act through the second quarter of 2007, but not thereafter. See generally, 42 U.S.C. §§ 416(i) and 423(a). Consequently, plaintiff is entitled to disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before June 30, 2007. See 40 U.S.C. § 423(a).

Mrs. Nester's applications were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated January 27, 2012, the Law Judge ruled that plaintiff became disabled for all forms of substantial gainful employment on February 25, 2009, the day of her protective applications for disability insurance benefits and supplemental security income benefits.[1] Accordingly, the Law Judge found that plaintiff had become disabled for purposes of her application for supplemental security income benefits. However, based on the finding that plaintiff was not disabled at a time beginning prior to the termination of her insured status, the Law Judge concluded that Mrs. Nester is not entitled to disability insurance benefits. The Law Judge determined that, at all relevant times since the alleged onset of disability, plaintiff has suffered from several severe impairments, including fibromyalgia; history of irritable bowel syndrome; history of Stevens-Johnson Syndrome; cervical

---

[1] Pursuant to the provisions of 20 C.F.R. § 416.335, an applicant for supplemental security income benefits cannot receive such benefits until the month following the month of application or the month following the month in which all the eligibility requirements are first met. Under 20 C.F.R. § 416.202, it is provided that an applicant must first file an application in order to establish eligibility for benefits.

spine degenerative disc disease; history of right foot fracture, history of knee arthrosis; and anxiety. (TR 15). The Law Judge ruled that, at all relevant times, Mrs. Nester retained sufficient functional capacity to perform a limited range of sedentary exertion. The Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that prior to February 25, 2009, the date the claimant became disabled, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can lift and/or carry no more than five pounds. She can do no more than occasional crouching and no significant climbing. She requires in place positional shifts, brief standing from seated position, but not leave the workstation. She is able to understand, carry out, and remember simple instructions; respond appropriately to supervision, coworkers, and usual work situations; and deal with changes in a routine work setting.

(TR 17). As for the period beginning on February 25, 2009, the Law Judge found that plaintiff possessed a somewhat more limited residual functional capacity:

> After careful consideration of the entire record, the undersigned finds that beginning on February 25, 2009, the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can occasionally reach, and frequently handle and finger with the upper extremities bilaterally. She would require more than two absences per month due to symptoms associated with her impairments.

(TR 20). The Law Judge held that Mrs. Nester was disabled for all her past work roles at all relevant times. However, given her residual functional capacity prior to February 25, 2009, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge ruled that Mrs. Nester retained residual ability to perform several specific sedentary work roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mrs. Nester did not become disabled on or before June 30, 2007, and that she is not entitled to disability insurance benefits. See 20 C.F.R. §§ 404.1520(g).

Nevertheless, based on the additional finding that as of February 25, 2009, plaintiff would require more than two absences per month due to symptoms associated with her impairments, the Law Judge found that Mrs. Nester became disabled for all forms of substantial gainful employment as of February 25, 2009.

Mrs. Nester sought review of that portion of the Administrative Law Judge's decision denying her claim for a period of disability and disability insurance benefits under Title II of the Social Security Act. However, the Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Nester has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision establishing disability onset as of February 25, 2009, is supported by substantial evidence. The court believes that the Law Judge's determination of plaintiff's disability onset date simply does not comport with the applicable case law. The court finds "good cause" for remand of the case to the Commissioner for further consideration of this issue.

The medical evidence in this case is straightforward, though the interpretation of the evidence presents some problems. The medical record confirms that Mrs. Nester experiences a variety of physical and emotional problems. Plaintiff suffers from a history of right foot pain, secondary to two prior fractures. She experiences mild to moderate degenerative disc disease of the cervical spine. She has been treated for irritable bowel syndrome, recurrent headaches, and dry eye syndrome. Mrs. Nester also suffers from anxiety and depression, with sleep disturbance. However, it would seem that for purposes of her capacity to engage in regular, work-related activity, plaintiff's most serious medical condition is fibromyalgia syndrome. After receiving a diagnosis of fibromyalgia from her family physician, Mrs. Nester sought treatment by Dr. Joseph P. Lemmer, a rheumatologist. Dr. Lemmer first saw Mrs. Nester on May 10, 2007. Dr. Lemmer reported physical findings consistent with fibromyalgia syndrome:

> There is moderate tenderness of the anterolateral chest wall region, posterior cervical spine, mid bellies of both trapezius muscles, parascapular musculature, upper quadrant of the buttocks, lateral epicondyle of the elbows, anserine bursa of the knees, and trochanteric region of the hips. There was tenderness of the mid and forefoot regions bilaterally, right greater than left.

(TR 400).

Dr. Lemmer continued to treat Mrs. Nester. On February 15, 2008, he reported as follows:

> Ms. Darlene Nester has been seen by the undersigned on multiple occasions; most recently the 10th of January. Diagnoses include fibromyalgia syndrome, anxiety, depression, sleep disturbance, recent history of foot fracture and headaches.
>
> Limitations include difficulty with repetitive use of the arms and limbs, difficulty with repetitive lifting, and lifting greater than ten pounds. Other limitations include difficulty sitting, standing for periods longer than fifteen to thirty minutes requiring frequent breaks throughout the day. Other problems include difficulty with concentration and memory and fatigue. Symptoms could result in unpredictable losses of time from work due to flares in her condition.

5

(TR 573). In a questionnaire dated November 30, 2011, Dr. Lemmer reported that Mrs. Nester could be expected to miss work more than four days per month because of her fibromyalgia symptoms. (TR 705). He also related that such limitations, as well as those identified in his earlier report of February 15, 2008, were also present prior to June 30, 2007. (TR 705-06). When asked to consider the work-related limitations identified by Dr. Lemmer, the vocational expert testified that Mrs. Nester would be unable to perform any job existing in the national economy. (TR 83-85).

The Law Judge credited Dr. Lemmer's functional assessment, and those of other physicians who saw and treated Ms. Nester, for the period beginning on February 25, 2009. (TR 20-21). Other than to note that Dr. Lemmer and other physicians "offered conservative treatment and to include more exercise and being more active," (TR 19), the Law Judge offered no reasons for rejecting Dr. Lemmer's assessment of plaintiff's residual functional capacity on and before June 30, 2007. More the point, the Law Judge cited no evidence in support of the finding that Mrs. Nester became disabled on February 25, 2009, as opposed to some other day either before or after the termination of her insured status. As noted above, the only possible significance of February 25, 2009 is that Mrs. Nester protectively filed her application for supplemental security income benefits on that day. The court is unable to identify any evidence which would confirm that plaintiff enjoyed a greater measure of physical function in the months prior to February 25, 2009. In such circumstances, the court believes that it is appropriate for the Law Judge to receive some assistance from medical sources in determining the exact date of disability onset.

The United States Court of Appeals for the Fourth Circuit addressed such an issue in Bailey v. Chater, 68 F.3d 75 (4th Cir. 1995). In Bailey, the Fourth Circuit interpreted Social Security Ruling 83-20 so as to conclude that, if the evidence of disability onset is ambiguous, the

Commissioner should receive assistance from a medical advisor in order to properly assess and determine the date of disability onset. The Fourth Circuit reasoned that an Administrative Law Judge does not possess the discretion necessary to establish a disability onset date without substantial evidence in the form of some medical opinion or testimony. Id. at 79-80. Stated differently, a medical source is better placed to engage in "educated guesswork" than is the Administrative Law Judge.[2]

In the instant case, the court is unable to discern any reason for the Law Judge to conclude that Mrs. Nester became disabled on February 25, 2009, and not earlier. Accordingly, the court finds "good cause" for remand of this case to the Commissioner for further development and consideration as specified above. See 42 U.S.C. § 405(g). If the Commissioner is unable to decide this case in plaintiff's favor on the basis of the existing record, as supplemented by input from a medical advisor, the Commissioner will conduct a supplemental administrative hearing at which both sides will be allowed to present additional evidence and argument. An appropriate order of remand will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

ENTER: This 27th day of May, 2014.

_____
Chief United States District Judge

---

[2] The Bailey Court went on to explain as follows:

The requirement that, in all but the most plain cases, a medical advisor be consulted prior to inferring an onset date is merely a variation on the most pervasive theme in administrative law—that substantial evidence support an agency's decisions. See Pleasant Valley Hosp., Inc. v. Shalala, 32 F.3d 67, 70 (4th Cir.1994) ("The Secretary's [now Commissioner's] decision should be affirmed where supported by substantial evidence and not arbitrary, capricious, or otherwise contrary to law.") (internal quotation marks, ellipses, and citation omitted).